**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DOROTHY WADE, On Behalf Of Herself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>WELLPOINT, INC.; ANGELA F. BRALY; WAYNE DEVEYDT; and LARRY C. GLASSCOCK,<br><br>       Defendants. | Case No. 1:08-cv-0357-SEB-WTL |

**REPLY IN SUPPORT OF DEFENDANTS' JULY 10, 2009, REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

On July 10, 2009, Defendants WellPoint, Inc., Angela Braly, Wayne DeVeydt, and Larry Glasscock filed a Request for Judicial Notice, ("Defs.' RJN") (Docket No. 75) seeking judicial notice of 27 exhibits in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff opposes Defendants' request as to some, but not all, of these exhibits. In particular, Plaintiff opposes request for judicial notice for Exhibit 5 – WellPoint's May 4, 2007, Press Release announcing Defendant Larry Glasscock's SEC Rule 10b5-1 Plan – and Exhibits 6-17 – Press Releases issued by WellPoint's competitors.[1] Plaintiff, however, does not disagree with Defendants' position that the documents are public records, not subject to reasonable dispute and meet the criteria of Rule 201(b) of the Federal Rules of Evidence. Instead, Plaintiff argues that the Court should not take judicial notice on relevancy grounds.

Contrary to Plaintiff's assertions, however, Courts can and have considered a defendant's SEC Rule10b5-1 plan on a motion to dismiss. And the economic impact on WellPoint and its competitors is relevant to whether Plaintiff can satisfy the heightened pleading standard for scienter under the Reform Act. The Court should, therefore, grant Defendants' request for judicial notice in full.

*WellPoint's May 4, 2007, Press Release announcing Mr. Glasscock's SEC Rule 10b5-1 Plan.* The Court can take judicial notice of WellPoint's May 4, 2007, Press Release (the "Press Release") announcing Mr. Glasscock's adoption of his May 4, 2007, SEC Rule10b5-1 Plan because the Amended Complaint explicitly refers to Mr. Glasscock's May 4, 2007, plan, and the Press Release has been publicly available on WellPoint's website since May 4, 2007. (*See* Defs.' RJN at 4.)

---

[1] All exhibits are attached to the July 10, 2009, Declaration of Lindsay L. Geida in Support of Defendants' Motion to Dismiss Amended Complaint ("Geida Decl.") (Docket No. 74).

-2-

In opposition, Plaintiff first argues that judicial notice of the Press Release is inappropriate because "courts generally do not consider [Rule 10b5-1] plans at the pleading stage." (Opp. to Defs.' RJN at 4-6) (Docket No. 78). Plaintiff's theory is at odds with the numerous courts that have considered an individual defendant's SEC 10b5-1 Plan in evaluating whether that defendant's class-period stock sales raise an inference of scienter. *See, e.g., Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 279 (3d. Cir. 2009) (relying on sales made pursuant to Rule 10b5-1 plans to find no inference of scienter); *Elam v. Neidorff*, 544 F.3d 921, 928-29 (8th Cir. 2008) (finding "[n]o inference of scienter arises from [defendants'] stock sales" because they were prescheduled pursuant to Rule 10b5-1 plan); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1067 n.11 (9th Cir. 2008) ("Sales according to pre-determined plans may 'rebut [ ] an inference of scienter.'"); *In re IAC/InterActiveCorp Sec. Litig.*, 478 F. Supp. 2d 574, 604 (S.D.N.Y. 2007) (finding that because defendant's class-period securities sales were pursuant to a Rule10b5-1 sales plan, the timing and amount of the sales did not raise a strong inference of scienter); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1117 (N.D. Cal. 2003) (use of a Rule10b5-1 trading plan "could raise an inference that the sales were pre-scheduled and not suspicious"); *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1151 n.9 (W.D. Wash. 2006) (finding that even at the dismissal stage, the use of Rule 10b5-1 plans "may raise an inference in [d]efendants' favor that the sales may not be suspicious"). As these case make clear, the Court can look to Mr. Glasscock's Rule SEC 10b5-1 Plans as evidence that his sales do not support a strong inference of scienter.

Plaintiff also argues that judicial notice of the Press Release is inappropriate because "[c]ourts have repeatedly held that defendants cannot rely upon a [Rule]10b5-1 trading plan as a non-suspicious explanation for trading when defendants enter the plans after the start of the class

-3-

period." (Opp. to Defs.' RJN at 4-6.) But the May 4, 2007, Press Release discloses the details of a 10b5-1 plan adopted by Mr. Glasscock nearly **_ten months before_** the start of the putative class period.

In any event, the cases Plaintiff cites are inapposite and do not support her argument. For instance, in *Central Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 554 (5th Cir. 2007), the court found that insider trading allegations contributed to an inference of scienter because defendant **_failed to provide a direct response_** to Plaintiff's assertion that the adoption of the plan during the class period was suspicious. By contrast, Mr. Glasscock adopted the May 4, 2007, plan before the class period and the February 11, 2008, plan shortly after his prior plan automatically terminated pursuant to its terms. (*See* Geida Decl., Exh. 5 at 1 ("Under the stock trading plan, Glasscock plans to exercise stock options and sell shares representing approximately 25% of his holdings which includes stock, stock options and restricted stock grants. These transactions will take place over the next ten months.").)

***Press Releases of Humana, UnitedHealth Group, Health Net, Aetna, Cigna, and Coventry Health Care.*** WellPoint's competitors' Press Releases announcing downward revisions to their fiscal year 2008 projections, within weeks after WellPoint revised its 2008 guidance, are proper subjects of judicial notice. Each was filed with the SEC as an attachment to the healthcare companies' respective Forms 8-K, and are therefore public SEC filings subject to judicial notice. (*See* Defs.' RJN at 2, 6.)

They show that a number of WellPoint's largest competitors similarly revised downward their 2008 projections. The other healthcare companies revised their 2008 projections based on increased medical costs, industry-wide economic trends and decreased enrollment. (*See* Geida

Decl., Exhs. 6-17.) The Press Releases thus show that it was, in part, changing market conditions that led WellPoint to revise its earnings projections.

For the foregoing reasons, and the reasons set forth in Defendants' original Request for Judicial Notice, the Defendants request that the Court take judicial notice of each of the 27 Exhibits submitted by WellPoint.

DATED: October 23, 2009

        s/ Matthew T. Albaugh
Christopher G. Scanlon (#1583-49)
James H. Ham III (#7401-49)
Matthew T. Albaugh (#23293-49)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317-237-0300 telephone
317-237-1000 facsimile
chris.scanlon@bakerd.com
jay.ham@bakerd.com
matthew.albaugh@bakerd.com

Seth Aronson
Michael Maddigan
Jorge deNeve
Lindsay Geida
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071
213-430-6000 telephone
213-430-6407 facsimile
saronson@omm.com
mmaddigan@omm.com
jdeneve@omm.com
lgeida@omm.com

*Attorneys for Defendants WellPoint, Inc., Angela F. Braly, Wayne S. DeVeydt, and Larry C. Glasscock*

-5-

## CERTIFICATE OF SERVICE

I certify that on October 23, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Irwin B. Levin
ilevin@cohenandmalad.com

Scott D. Gilchrist
sgilchrist@cohenandmalad.com

Richard E. Shevitz
rshevitz@cohenandmalad.com

David A. Rosenfeld
drosenfeld@csgrr.com

Deborah Ruth Gross
debbie@bernardmgross.com

Ex Kano S. Sams, II
exkanos@csgrr.com

Laura M. Andracchio
lauraA@csgrr.com

X. Jay Alvarez
jaya@csgrr.com

Robert Paul Frutkin
rpf@bernardmgross.com

Sarah Renee Holloway
sholloway@csgrr.com

I certify that on October 23, 2009, a copy of the foregoing was sent to the following via U.S. Mail, First Class postage prepaid:

Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY  11747

s/ Matthew T. Albaugh
Matthew T. Albaugh