**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DOROTHY WADE, On Behalf Of Herself and All Others Similarly Situated,

Plaintiff,

v.

WELLPOINT, INC.; ANGELA F. BRALY; WAYNE DEVEYDT; and LARRY C. GLASSCOCK,

Defendants.

Case No. 1:08-cv-0357-SEB-WTL

**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

On July 10, 2009, Defendants WellPoint, Inc., Angela Braly, Wayne DeVeydt, and Larry Glasscock moved to dismiss Plaintiff's Amended Complaint. In support of their motion, Defendants requested judicial notice of 27 exhibits.[1] In order to address misleading assertions made by Plaintiff in her Opposition, Defendants now respectfully request that the Court take judicial notice of five additional exhibits. Accordingly, Defendants submit this Supplemental Request for Judicial Notice of the exhibits identified below and attached to the concurrently-filed Supplemental Declaration of Lindsay L. Geida in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint:

| **Exhibit Number** | **Description** |
|---|---|
| 28 | Final Transcript of WellPoint's presentation at the March 13, 2008, Bear, Stearns & Co., Inc. London Healthcare Conference |
| 29 | Final Transcript of WellPoint's presentation at the March 19, 2008, Lehman Brothers Healthcare Conference |
| 30 | WellPoint's March 12, 2008, Form 8-K |
| 31 | WellPoint's September 9, 2009, Form 8-K |
| 32 | General Electric Company's March 7, 2008, and April 30, 2008, Forms 8-K |

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S. Ct. 2499, 2509 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007); *see* Defs.' Original RJN at 1 (citing

[1] *See* Defs.' Request for Judicial Notice in Support of Defs.' Mot. to Dismiss Amended Compl., filed July 10, 2009 ("Defs.' Original RJN") (Docket No. 75).

authority). Exhibits 28 through 32 are all incorporated into the Plaintiff's Amended Complaint by reference, subject to judicial notice, or both.

***<u>Exhibits 28 and 29: Final Transcripts of WellPoint's presentations at the March 13, 2008, Bear, Stearns & Co., Inc. London Healthcare Conference & the March 19, 2008, Lehman Brothers Healthcare Conference</u>.***

The Amended Complaint quotes and purports to summarize the statements made by a non-defendant WellPoint representative at the March 13, 2008, Bear, Stearns & Co., Inc. London Healthcare Conference, and statements made by Defendant DeVeydt at the March 19, 2008, Lehman Brothers Healthcare Conference. (*See* AC ¶¶ 2, 13, 78(d), 87) (Docket No. 68). Plaintiff's Opposition mischaracterizes those statements, however, by excising material portions of the statements and inserting unsupported parentheticals.

Judicial notice of the final transcripts of calls with investors and analysts is appropriate in securities actions such as this because the statements made on those calls are part of the total mix of information that affect the company's stock price. *See In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (judicial notice of defendant's conference call transcripts proper where plaintiff's complaint relied on them); *Belodoff v. Netlist, Inc.*, 2009 WL 1293690, at *4 (C.D. Cal. April 17, 2009) (taking judicial notice of defendant's conference call transcript "to the extent that the transcript establishes what was said in the conference call" in deciding defendant's motion to dismiss plaintiff's lawsuit alleging Securities Act violation); *In re Washington Mutual, Inc. Sec., Derivative & ERISA Litig.*, __ F.R.D. __ , 2009 WL 1393679, at *2 (W. D. Wash. May 15, 2009) (granting defendants' request for judicial notice of conference call transcripts in deciding their motion to dismiss plaintiff's securities fraud action).

***<u>Exhibits 30 and 32: WellPoint's March 12, 2008, Form 8-K and General Electric Company's March 7, 2008, and April 30, 2008, Forms 8-K Discussing Jamie Miller's Departure From WellPoint</u>***.

In her Opposition, Plaintiff also misleadingly argues that Ms. Jamie Miller's resignation raises a strong inference of scienter because it occurred one day after Defendants' March 10, 2008, announcement revising WellPoint's 2008 guidance. (Opp. at 29-30) (Docket No. 76). Plaintiff neglects to mention that the announcement of Ms. Miller's departure disclosed that she resigned to become the Chief Accounting Officer of General Electric Company effective April 4, 2008. Therefore, Defendants request judicial notice of WellPoint's March 12, 2008, Form 8-K and General Electric's March 7, 2008, and April 30, 2008, Forms 8-K, which confirm that fact.

The Court may take judicial notice of WellPoint's March 12, 2008, Form 8-K, and General Electric's March 7, 2008, and April 30, 2008, Forms 8-K on the ground that each was filed with the SEC and is a matter of public record. *In re Guidant Corp. Sec. Litig*., 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008). The relevance of these Forms 8-K cannot seriously be disputed – they refute Plaintiff's contention that Ms. Miller's March 11, 2008, resignation was "highly suspicious," (Opp. at 30), by illustrating that she moved from one Fortune 50 company to another, and that her departure was obviously in the works for some time prior to March 10.

***<u>Exhibit 31: WellPoint's September 9, 2009, Form 8-K Discussing That CMS Lifted the Sanctions It Had Imposed on WellPoint January 12, 2009</u>***.

Plaintiff's Opposition also references the sanctions imposed against WellPoint by the U.S. Centers for Medicare & Medicaid Services ("CMS") in January ***2009*** – ten months after the end of the putative class period. Plaintiff contends that CMS imposed sanctions on WellPoint as a result of problems associated with its systems migrations. (*See* Opp. at 1, 27; AC ¶¶ 7, 14, 49,

78(f).) The Amended Complaint pleads no facts that would show how a CMS action in January ***2009*** – ten months after Plaintiff's proposed class period ends – has any relevance to whether WellPoint knew its 2008 earnings projections were false when made in January ***2008***. Plaintiff also fails to mention that CMS lifted the marketing and enrollment sanctions on September 9, 2009 (effective October 1, 2009). WellPoint's September 9, 2009, Form 8-K verifying that fact is subject to judicial notice because it was filed with the SEC and is a matter of public record. *See In re Guidant Corp.*, 536 F. Supp. 2d at 921.

The Court should take judicial notice of Exhibits 28 through 32 attached to the concurrently-filed Supplemental Declaration of Lindsay L. Geida. Defendants have lodged a Proposed Order to that effect.

DATED: October 23, 2009

s/ Matthew T. Albaugh
Christopher G. Scanlon (#1583-49)
James H. Ham III (#7401-49)
Matthew T. Albaugh (#23293-49)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317-237-0300 telephone
317-237-1000 facsimile
chris.scanlon@bakerd.com
jay.ham@bakerd.com
matthew.albaugh@bakerd.com

Seth Aronson
Michael Maddigan
Jorge deNeve
Lindsay Geida
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071
213-430-6000 telephone
213-430-6407 facsimile
saronson@omm.com
mmaddigan@omm.com

jdeneve@omm.com
lgeida@omm.com

*Attorneys for Defendants WellPoint, Inc., Angela F. Braly, Wayne S. DeVeydt, and Larry C. Glasscock*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Irwin B. Levin
ilevin@cohenandmalad.com

Scott D. Gilchrist
sgilchrist@cohenandmalad.com

Richard E. Shevitz
rshevitz@cohenandmalad.com

David A. Rosenfeld
drosenfeld@csgrr.com

Deborah Ruth Gross
debbie@bernardmgross.com

Ex Kano S. Sams, II
exkanos@csgrr.com

Laura M. Andracchio
lauraA@csgrr.com

X. Jay Alvarez
jaya@csgrr.com

Robert Paul Frutkin
rpf@bernardmgross.com

Sarah Renee Holloway
sholloway@csgrr.com

I certify that on October 23, 2009, a copy of the foregoing was sent to the following via U.S. Mail, First Class postage prepaid:

Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

s/ Matthew T. Albaugh
Matthew T. Albaugh