**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DOROTHY WADE, On Behalf Of Herself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>WELLPOINT, INC.; ANGELA F. BRALY; WAYNE DEVEYDT; and LARRY C. GLASSCOCK,<br><br>      Defendants. | Case No. No. 1:08-cv-00357-SEB-DML |

**RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

On November 6, 2009, Plaintiff filed a Notice of Recent Authority in support of her Opposition to Defendants' Motion to Dismiss Amended Complaint, appraising the Court of the Ninth Circuit's recent order in *Siracusano v. Matrixx Initiatives, Inc.*, No. 06-15677, 2009 U.S. App. LEXIS 23716 (9th Cir. Oct. 28, 2009).  Plaintiff's Notice presents *Matrixx* as if it were new authority that could affect the outcome of this case.  In fact, *Matrixx* is not new and its holding is irrelevant here.  Unlike Plaintiff's Amended Complaint, *Matrixx* did not involve forward-looking statements or the application of the Reform Act's safe harbor.  Instead, *Matrixx* addressed only two elements of a claim under § 10(b) of the Exchange Act – materiality and scienter.  Its holding on the issue of materiality is irrelevant to this motion because Defendants did not raise materiality as a basis for dismissal.  And *Matrixx*'s discussion on the issue of scienter merely recites previously-established securities law.

In discussing scienter, the Ninth Circuit in *Matrixx* cited *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982 (9th Cir. 2008) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).  *See Matrixx*, 2009 U.S. App. LEXIS 23716, at *35-*36, *39.  Plaintiff's Notice simply extracts *Matrixx*'s quote of these cases and proclaims it relevant to this Court's determination.  But Plaintiff already cited to *Berson* in her Opposition and relied on the Seventh Circuit cases related to *Tellabs* throughout her opposition.  Nothing in *Matrixx* or *Berson* suggests that Plaintiff's Amended Complaint should survive despite Plaintiff's failure to plead any facts demonstrating that Defendants had actual knowledge that WellPoint's projections were false when made.

-2-

DATED:  November 13, 2009

        s/ Matthew T. Albaugh
Christopher G. Scanlon (#1583-49)
James H. Ham III (#7401-49)
Matthew T. Albaugh (#23293-49)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
317-237-0300 telephone
317-237-1000 facsimile
chris.scanlon@bakerd.com
jay.ham@bakerd.com
matthew.albaugh@bakerd.com


Seth Aronson
Michael Maddigan
Jorge deNeve
Lindsay Geida
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071
213-430-6000 telephone
213-430-6407 facsimile
saronson@omm.com
mmaddigan@omm.com
jdeneve@omm.com
lgeida@omm.com

*Attorneys for Defendants WellPoint, Inc., Angela F. Braly, Wayne S. DeVeydt, and Larry C. Glasscock*

## **CERTIFICATE OF SERVICE**

I certify that on November 13, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Irwin B. Levin
ilevin@cohenandmalad.com

Scott D. Gilchrist
sgilchrist@cohenandmalad.com

Richard E. Shevitz
rshevitz@cohenandmalad.com

David A. Rosenfeld
drosenfeld@csgrr.com

Deborah Ruth Gross
debbie@bernardmgross.com

Ex Kano S. Sams, II
exkanos@csgrr.com

Laura M. Andracchio
lauraA@csgrr.com

Mario Alba, Jr.

Robert Paul Frutkin
rpf@bernardmgross.com

Sarah Renee Holloway
sholloway@csgrr.com

I certify that on November 13, 2009, a copy of the foregoing was sent to the following via U.S. Mail, First Class postage prepaid:

Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY  11747

s/ Matthew T. Albaugh
Matthew T. Albaugh (#23293-49)